**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARTHA W. RUTHERFORD,
individually, and in her capacity as
Administratrix of the Estate of
Steven R. Rutherford, deceased,
<u>Plaintiff-Appellant,</u>

v.

CITY OF NEWPORT NEWS, Virginia, a
municipal corporation; JAY CAREY,
in his official capacity as former
Chief of Police of the City of

Newport News, Virginia; BARRY
HADDIX, individually, and in his
official capacity as a former Police
Sergeant for the City of Newport
News, Virginia; T. A. ZEITLER;
JAMES O. WILLIAMSON, individually,
and in their official capacities as
Police Sergeants for the City of
Newport News, Virginia,
<u>Defendants-Appellees.</u>

No. 96-1535

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Robert G. Doumar, Senior District Judge.
(CA-95-8-4)

Argued: January 31, 1997

Decided: February 27, 1997

Before WILKINSON, Chief Judge, and WILLIAMS and
MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Andrew Michael Sacks, SACKS & SACKS, Norfolk, Virginia, for Appellant. F. Bradford Stillman, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Norfolk, Virginia; Alan Brody Rashkind, FURNISS, DAVIS, RASHKIND & SAUNDERS, Norfolk, Virginia; Allen Link Jackson, CITY ATTORNEY'S OFFICE FOR THE CITY OF NEWPORT NEWS, Newport News, Virginia, for Appellees. **ON BRIEF:** Stanley E. Sacks, SACKS & SACKS, Norfolk, Virginia, for Appellant. Robert W. McFarland, David M. Young, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Norfolk, Virginia; Kenneth F. Yoffy, SAUNDERS, COPE, OLSON & YOFFY, Newport News, Virginia; R. Barrow Blackwell, Jonathan L. Thornton, KAUFMAN & CANOLES, Norfolk, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Martha W. Rutherford (Mrs. Rutherford), administratrix of the estate of Steven R. Rutherford (Officer Rutherford), brought an action under 42 U.S.C.A. § 1983 (West 1994), against the City of Newport News, Virginia (the City); Jay Carey, the former police chief of the City; and Barry Haddix, T. A. Zeitler, and James O. Williamson, each current or former sergeants with the City police. **1** In the five counts of her amended complaint, she alleged that the Defendants had deprived her deceased husband of his Fourteenth Amendment due

_____

**1** The City, Carey, and the individual officers are referred to collectively as the Defendants.

process right to be protected from the danger they created when Officer Rutherford was murdered by robbers while he was acting in an undercover operation.

The district court granted Defendants' motion to dismiss for failure to state a claim. It further held that, in the alternative, the individual officers were entitled to qualified immunity and therefore to summary judgment. Mrs. Rutherford appeals, and we affirm on the reasoning of the district court.

I.

Mrs. Rutherford's complaint, which for purposes of our ruling we assume to be true, alleges that in January 1994, Officer Rutherford was murdered during an ill-conceived, hastily prepared, and poorly executed undercover operation. The events leading to his murder may be briefly stated. After a series of armed robberies of pizza delivery drivers, the City police department concocted a"sting" operation to discover the identities of the robbers so they could be arrested and prosecuted. When Officer Rutherford, who served as the decoy, responded to a suspicious call with an empty pizza box, inadequate back-up, poor radio communications, and only a skeletal plan, the robbers quickly discovered his identity and shot him to death. The back-up officers were unable to see or to prevent his murder. Thereafter, Mrs. Rutherford -- Officer Rutherford's widow-- brought this action against the City and the officers involved in the operation.

II.

Mrs. Rutherford claims that the City and the officers violated their affirmative obligation under the substantive Due Process Clause of the Fourteenth Amendment to protect Officer Rutherford from harm. She theorizes that, because the City and the officers placed Officer Rutherford in harm's way, the "danger creation" exception implicitly recognized in DeShaney v. Winnebago County Dep't Soc. Servs., 489 U.S. 189 (1989), created such an affirmative duty of protection. The district court granted Defendants' 12(b)(6) motion to dismiss, reasoning that under Pinder v. Johnson, 54 F.3d 1169 (4th Cir.) (en banc), cert. denied, 116 S. Ct. 530 (1995), the Defendants had no affirmative obligation to protect Officer Rutherford. We review this decision de

3

novo, using the same standards applied by the district court. <u>See</u> <u>Brooks v. City of Winston-Salem</u>, 85 F.3d 178, 181 (4th Cir. 1996).

After carefully reviewing the briefs and the record, and after hearing oral argument, we affirm on the reasoning of the district court. As noted by the district court, Mrs. Rutherford's theory of the case requires at the very least that the City have taken some affirmative action to jeopardize Officer Rutherford's safety. Here, it would require a considerable semantic stretch to argue that the City "acted" by failing to adequately train Officer Rutherford, by failing to provide sufficient back-up, and by failing to better plan the sting operation. The only "action" taken by the City was to order the operation in the first place. Finding a substantive due process obligation under such circumstances would turn every police mishap into a potential source of liability. <u>See Walker v. Rowe</u>, 791 F.2d 507, 511-12 (7th Cir. 1986) (rejecting, pre-<u>DeShaney</u>, the type of affirmative duty claim here advanced). More fundamentally, circuit precedent requires a custodial relationship before substantive due process obligations arise. <u>See</u> <u>Pinder</u>, 54 F.3d at 1175 ("Some sort of confinement of the injured party -- incarceration, institutionalization, or the like -- is needed to trigger the affirmative duty."); <u>Piechowicz v. United States</u>, 885 F.2d 1207, 1215 (4th Cir. 1989) (stating that "substantive due process protects the liberty interests <u>only</u> of persons affirmatively restrained . . . from acting on their own behalf" (emphasis added)). Accordingly, we adopt in full the district court's rejection of Mrs. Rutherford's substantive due process claim.[2]

<u>AFFIRMED</u>

_____

[2] Given our holding that no substantive violation occurred, we have no occasion to consider the district court's alternative holding that the individual defendants are entitled to qualified immunity. <u>See Karsten v. Kaiser Found. Health Plan</u>, 36 F.3d 8, 11 (4th Cir. 1994) (per curiam) (noting that alternative holdings should be avoided).

4