**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM R. HARDING,
Plaintiff-Appellant,

v.

THOMAS P. KELLAM, individually and

in his official capacity as Assistant
Vice-President, Federal Reserve
Bank of Richmond,
Defendant-Appellee.

No. 97-1360

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CA-96-489)

Argued: April 7, 1998

Decided: July 15, 1998

Before WIDENER and LUTTIG, Circuit Judges, and
CHAMBERS, United States District Judge for the
Southern District of West Virginia,
sitting by designation.

_____

Affirmed by unpublished opinion. Judge Chambers wrote the opinion,
in which Judge Widener and Judge Luttig joined.

_____

**COUNSEL**

**ARGUED:** Sa'ad El-Amin, EL-AMIN & CRAWFORD, Richmond,
Virginia, for Appellant. Joseph Dudley McCluskey, LECLAIR

RYAN, P.C., Richmond, Virginia, for Appellee. **ON BRIEF:** Beverly Crawford, EL-AMIN & CRAWFORD, Richmond, Virginia, for Appellant. David E. Nagle, LECLAIR RYAN, P.C., Richmond, Virginia; Everette G. Allen, Jr., John W. Vaughan, Jr., HIRSCHLER, FLEISCHER, WEINBERG, COX & ALLEN, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

CHAMBERS, District Judge:

I.

FACTS

This case involves a claim of employment discrimination based on race. Petitioner William R. Harding is an African-American male. Since March 16, 1973, Petitioner was an employee of the Federal Reserve Bank of Richmond, Virginia ("Bank"). Petitioner was employed as a cash teller in the Cash Division of the Bank. On October 19, 1994, Respondent Thomas P. Kellam became Petitioner's supervisor. Respondent is a Caucasian male. Following Respondent's appointment as Petitioner's supervisor, Petitioner was "written up" for a series of bank policy infractions. The infractions basically involved errors in the counting or control of money. In addition, Petitioner repeatedly was cited for "poor attitude," excessive tardiness, excessive absences and custody control violations.

In August 1994, Respondent recommended that the Federal Reserve Bank terminate Petitioner's employment. The Bank's officers, however, opted not to terminate Petitioner's employment but to reassign him to a different position. The new position was three grades below Petitioner's former position as a teller. Accompanying

2

the loss of status from the three grade reduction was a fifteen percent (15%) diminution in Petitioner's salary. The demotion of Petitioner occurred in January 1995.

On June 16, 1996, Petitioner filed a complaint against his former supervisor alleging workplace discrimination based on race in violation of 42 U.S.C. § 1983.[1] Respondent filed his answer on August 20, 1996. On February 2, 1997, Respondent filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. In his motion for summary judgment, Respondent alleged that Petitioner's section 1983 claim did not afford a proper basis for relief. Respondent argued that the Federal Reserve Bank was not an instrumentality of the state. Therefore, Respondent asserted, Petitioner was unable to fulfill section 1983's state action requirement. On February 18, 1998, Petitioner filed a response to Respondent's summary judgment motion. In his response, Petitioner conceded that section 1983 was not a proper remedy for redressing his claim. Petitioner stated that "[w]ith respect to the § 1983 claim, plaintiff concedes that in light of the recent holding in Johnson v. Runyon[2] (1996 U.S. App. LEXIS 17698) (4th Cir.), this claim must be dismissed . . . . The Johnson Court concluded that the plaintiff's attempts to raise claims of discrimination against his federal employer were not properly raised because Title VII was the exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination." Petitioner asserted that section 1981 was the proper remedial scheme for redressing his employment discrimination grievance in this case.

_____

[1] Petitioner's section 1983 action was premised on Respondent's alleged violations of Petitioner's rights under the Fifth and Fourteenth Amendments to the United States Constitution.

[2] **Johnson v. Runyon**, 91 F.3d 131 (4th Cir. 1996) (TABLE DECISION), is an unpublished disposition of this Court. Local Rule of Appellate Procedure 36(c) provides that citation of an unpublished opinion is disfavored except for establishing res judicata, collateral estoppel, or the law of the case. The rule also requires notice and service upon the parties when citing an unpublished opinion of this Court. The Runyon Court cited Newbold v. United States Postal Service , 614 F.2d 46, 47 (5th Cir. 1982), and Brown v. General Services Administration, 425 U.S. 820, 829 (1976), for the proposition that Title VII is the exclusive remedy for redressing claims of employment discrimination against a federal employer.

3

On February 18, 1997, Petitioner also filed a motion to amend his complaint pursuant to Federal Rule of Civil Procedure 15 to add a cause of action under section 1981. As a justification for the amended complaint, Petitioner's counsel asserted that he meant to include a section 1981 count in the original complaint but it was inadvertently deleted through a typographical error. Petitioner's motion to amend the complaint was filed six days (four working days) prior to trial. On February 21, 1997, the trial court denied Plaintiff's motion to amend his complaint and granted summary judgment in favor of Respondent. As a basis for denying the amended complaint motion, the trial court held that allowing Petitioner to amend his complaint just six days before trial would be prejudicial to Respondent. The district judge found that Petitioner had not stated a cause of action under section 1981 in his original complaint, that Respondent had been preparing for a section 1983 trial since August 1996 and that it was unfair to allow a new cause of action on the eve of trial. The trial court also rejected Petitioner's typographical error argument. The court found that Petitioner intentionally struck the section 1981 action from the original complaint. In fact, the trial court found that the section 1981 claim was "covered in white out."

In granting Respondent's motion for summary judgment, the trial court referenced Petitioner's concession that section 1983 is not applicable to this case. The trial court found that the Federal Reserve Bank is a federal creation with no ties to any state entity. After finding that the Bank is a federal creation, the trial court cited Johnson v. Runyon (1996 U.S. App. LEXIS 17698) (4th Cir. July 19, 1996), for the proposition that the exclusive remedy for a claim of employment discrimination against the Bank is Title VII of the Civil Rights Act of 1964. Petitioner appeals the trial court's granting of Respondent's summary judgment motion and the trial court's denial of the Rule 15 motion.

II.

DISCUSSION

A. Denial of the Rule 15 Motion

Federal Rule of Civil Procedure 15(a) allows parties to amend their pleadings after obtaining leave from the district court. See Fed. R.

4

Civ. P. 15(a). District courts are encouraged to grant leave freely "when justice so requires." See Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987). However, the decision to grant or deny a motion to amend is vested in the sound discretion of the trial court judge. Id. Accordingly, this Court may disturb a trial judge's decision regarding a Rule 15 motion only upon finding an abuse of discretion. See Gladhill v. General Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

Although Rule 15 encompasses a preference for liberal leave to amend pleadings, a motion to amend should not be granted if it will cause undue prejudice to the opposing party or if the party seeking to amend acted in bad faith. See Island Creek Coal Company v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987). Leave to amend also should not be granted if the amendment will cause undue delay or if the party seeking to amend acted with a dilatory motive. See Sandcrest Outpatient Services v. Cumberland County Hospital Systems, Inc., 853 F.2d 1139, 1148-49 (4th Cir. 1988). The timeliness of a plaintiff's motion to amend is a critical factor in assessing dilatory motive, undue delay, bad faith, and prejudice. See Gladhill, 743 F.2d at 1052. Motions to amend that are filed near the time of trial are disfavored and require special scrutiny. See Deasy , 833 F.2d at 41.

In the instant case, Petitioner sought to amend his complaint just six days before trial. Petitioner sought to add a cause of action under section 1981 of the Civil Rights Act of 1866. In denying Petitioner's motion, the trial court held that the untimely nature of the amendment would cause "extreme prejudice" to the opposing party. The trial court found that Respondent had spent the "past eight months . . . preparing to try a section 1983 case." Petitioner argued that his complaint stated all the elements of a section 1981 action; it just failed to allege the actual statute. The trial court, however, found that Petitioner's complaint did not state a cause of action under section 1981. Petitioner challenges the trial court's findings by arguing that there are no substantive differences between section 1983 and section 1981. Accordingly, Petitioner contends, Respondent will not be prejudiced by the late amendment. Petitioner is incorrect in his assessment.

Petitioner maintains that the substance of his intentional discrimination claim based on race will not be altered by the substitution of a claim under section 1981. He argues that the single distinguishing

5

factor between the section 1983 claim and the section 1981 claim is the need to show state action under section 1983. Petitioner asserts that under either section 1983 or section 1981, Respondent still faces the same disparate treatment claim based on race. Petitioner contends that if the substance of the two claims is identical, then Respondent suffers no prejudice from an eleventh hour amendment. Petitioner's assertion fails to consider all the forms of prejudice that Respondent may suffer.

The Court agrees with Petitioner's assertion that the substance of the factual claim of discrimination may be affected minimally by a substitution of statutes in this case. However, despite the substantial similarities between the two statutes, Respondent still may suffer prejudice from a late-hour substitution of a section 1981 claim. One form of prejudice stems from a difficult choice in the preparation of Respondent's defense. If Petitioner had included a section 1981 claim in his original complaint, Respondent would have faced the strategic decision of whether to characterize himself as an agent of a private corporation or as an agent of the United States government. See, e.g., Brown v. General Services Administration, 425 U.S. 820, 829 (1976); Research Triangle Institute v. Board of Governors of the Federal Reserve System, 132 F.3d 985, 987-88 (4th Cir. 1997); Scott v. Federal Reserve Bank of New York, 704 F. Supp. 441 (S.D.N.Y. 1989). Such a choice in characterization may have serious legal consequences for Respondent and the Bank. Forcing Respondent to make such a difficult tactical decision on the eve of trial is unfair.

The unfairness to Respondent is heightened by Petitioner's unwarranted delay in seeking to amend his complaint. Petitioner initially predicated his action only under section 1983. An essential element of a section 1983 claim is state action. See United States v. Price, 383 U.S. 787, 794 n.7 (1966). The absence of state action in this suit against an officer of the Federal Reserve Bank is glaringly apparent. Petitioner should have recognized the absence of the state action element at a much earlier stage in the litigation process. It was Petitioner's burden to recognize the missing component of his claim and initiate the proper remedial action in a timely manner. Conversely, by allowing Petitioner to substitute a new claim on the eve of trial, Respondent is exposed to a potentially onerous burden at a critical stage in the litigation process. Respondent need not bear this burden.

6

"The burden rests primarily upon the plaintiff to amend his complaint, not upon the defendant to anticipate a new claim." Deasy, 833 F.2d at 41. In view of Petitioner's absence of a compelling reason for the late amendment and the potential harm to Respondent, this Court cannot find that the trial judge abused his discretion by disallowing Petitioner's motion to amend his complaint.

B. Motion for Summary Judgment

In granting Respondent's motion for summary judgment, the trial court found that Petitioner could not demonstrate the presence of state action. Hence, the trial court granted summary judgment in regard to the section 1983 claim. In addition, the trial court found that this Court's holding in Johnson v. Runyon is directly applicable to the instant action. In accordance with his findings, the trial court held that the exclusive remedy for employment discrimination claims against federal employers is Title VII of the Civil Rights Act of 1964. See 42 U.S.C. § 2000(e) et seq. This Court conducts a de novo review of a trial court's summary judgment determinations. Karpel v. INOVA Health System Services, 134 F.3d 1222, 1226 (4th Cir. 1998). In conducting its review, the Court notes that a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, reveal that there is no genuine issue of material fact suitable for submission to a jury. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In the trial court's evaluation under Rule 56, the evidence presented must be viewed in a light most favorable to the non-moving party and the non-moving party is entitled to the benefit of all reasonable inferences. Liberty Lobby, 477 U.S. at 255; Celotex Corp., 477 U.S. at 322-23.

In the instant case, the trial court first examined the sufficiency of Petitioner's section 1983 claim. In order to succeed under section 1983, a plaintiff must show (1) state action, (2)  a deprivation of a Constitutional or other right conferred by a law of the United States, and (3) causation. See Wyatt v. Cole, 508 U.S. 158, 161-63 (1992). The absence of any one of the three elements precludes a section 1983 claim. Summary judgment in a section 1983 action is appropriate if, after examining the facts in a light most favorable to the non-moving

party, one or more of the essential components cannot be demonstrated.

In the instant case, the trial court found that Petitioner failed to show state action in his section 1983 claim. As state action is an essential element of a section 1983 claim, the trial court correctly granted summary judgment when it found an absence of this essential element.

Petitioner concedes the absence of state action and does not challenge the trial court's findings. Petitioner, however, disputes the trial court's award of summary judgment to Respondent. Petitioner argues that his failure to prove an essential element of his section 1983 claim renders this action subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure; he asserts that a judgment on the merits under Rule 56 is improper. Petitioner's assertion draws an artificial distinction between Rule 12(b)(6) and Rule 56.

Federal Rule of Civil Procedure 12(b)(6) allows courts to dismiss an action if the complaint fails to state a claim upon which relief can be granted. Mylan Laboratories, Inc. v. Matkari , 7 F.3d 1130, 1134 (4th Cir. 1993). A court must deny a motion to dismiss under Rule 12(b)(6) unless, after accepting as true the well-pleaded facts in the complaint and viewing them in a light most favorable to the plaintiff, it appears beyond a doubt that the plaintiff can prove no set of facts that will entitle it to relief. Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). Rule 12(b)(6) is functionally similar to Rule 56 but it differs in two important respects. First, as the Court has discussed, Rule 12(b)(6) and Rule 56 place different burdens on the parties. Second, the two rules encompass different parameters of consideration. Rule 12(b)(6) restricts the court to consider only the pleadings, while Rule 56 permits the court to consider matters outside the pleadings such as affidavits, admissions on file, answers to interrogatories and depositions. See Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990).

Petitioner argues that the trial court restricted its consideration only to the sufficiency of the complaint. Accordingly, Petitioner argues, the trial court should have treated the summary judgment motion as a Rule 12(b)(6) motion. Petitioner maintains that the trial court should

8

analyze the complaint under the more stringent standards encompassed by Rule 12(b)(6). Petitioner stated during oral argument that if the trial court concludes that the complaint fails to state a cognizable claim, it should dismiss the complaint without prejudice. Petitioner's argument fails on multiple levels.

The most obvious flaw in Petitioner's argument stems from the assertion that the trial court simply focused on a defect in the complaint. The trial court found an absence of state action. The trial court made this finding after the close of discovery and upon consideration of the motion for summary judgment initiated by Respondent. In considering the motion for summary judgment, the trial court was permitted to look beyond the pleadings to determine if state action existed. Nothing in the record indicates that the trial court failed to examine all the information that the parties' presented. The summary judgment order does not, in any way, suggest that the trial court confined itself to the complaint in reaching its decision.

Recharacterizing the motion for summary judgment as a Rule 12(b)(6) dismissal motion also does not help Petitioner's argument. State action is not present in this case. Even employing the stringent standards of a Rule 12(b)(6) motion, Petitioner cannot prevail in his section 1983 action. Accordingly, dismissal of the claim is proper under either Rule 56 or Rule 12(b)(6). In this context, Petitioner errs when he argues that a Rule 12(b)(6) dismissal differs from a judgment on the merits under Rule 56. "For it is well settled law that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction." Bell v. Hood, 327 U.S. 678, 681 (1946). Any dismissal rendered in such a case is the functional equivalent of judgment on the merits. See id. Hence, under either Rule 56 or Rule 12(b)(6), a dismissal of the action yields an identical result.

In addition to the section 1983 claim, the trial court found that Petitioner's Fifth and Fourteenth Amendment claims also failed. The trial court predicated its finding on Johnson v. Runyon, where the Court held that Title VII is the exclusive remedy for claims of employment discrimination against agents of the federal government. The Court agrees with the trial court's disposition of Petitioner's constitutional

9

claims. However, we find no need to decide whether the Bank is a federal or private employer in the context of this decision.

The trial court correctly held that Title VII is the exclusive remedy for claims of employment discrimination against the federal government. Brown v. General Services Administration , 425 U.S. 820, 829 (1976). Accordingly, if the Bank is a federal employer, then Title VII precludes Petitioner's constitutional claims. However, if the Bank is a private actor, then the constitutional claims also fail. The Fourteenth Amendment can be invoked only if state action is present. See West v. Atkins, 487 U.S. 42, 49 (1988). Similarly, the Fifth Amendment, standing alone, requires the presence of a federal actor. See San Francisco Arts and Athletics, Inc. v. United States Olympic Committee, 483 U.S. 522, 542 (1987). Hence, regardless of whether the Bank is a federal or private employer, Petitioner's constitutional claims are not cognizable.

III.

CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED