**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL ANTHONY FEREBEE,
Plaintiff-Appellant,

v.

DR. CEJAS; MS. WATSON, Head
Nurse; NORFOLK CITY JAIL MEDICAL
STAFF, NURSES,

No. 97-7791

Defendants-Appellees,

and

NORFOLK CITY JAIL; SHERIFF
MCCABE; NORFOLK CITY JAIL
MEDICAL STAFF,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-96-1787-AM)

Submitted: June 30, 1998

Decided: September 14, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Michael Anthony Ferebee, Appellant Pro Se. Deborah Sue Prince, HEILIG, MCKENRY, FRAIM & LOLLAR, Norfolk, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael Anthony Ferebee appeals the district court's order granting Defendants' motions to dismiss and dismissing Ferebee's civil action pursuant to 42 U.S.C. § 1983 (1994). Ferebee alleged a violation of his civil rights arising out of Defendants' one year failure to allow him to have surgery to remove a colostomy bag and urine bag he wore as a result of a gunshot wound he sustained prior to his incarceration, and their seven month failure to supply him with needed medical supplies including new colostomy bags, colostomy wafers, colostomy paste, prep pads, skin cleanser, and urine bags. Ferebee alleged injury as a result of Defendants' actions in the form of an additional surgery that was needed to remove scar tissue that had grown due to the delay in the two scheduled surgeries to remove the bags.

In its dismissal order, the district judge determined that Ferebee failed to state a viable deliberate indifference claim as to any of the named Defendants. We affirm this finding as to Ferebee's claims against the Norfolk City Jail. For the reasons stated below, however, we vacate and remand this case to the district court for further findings as to the remaining Defendants.*

_____

*On June 10, 1998, this court dismissed Defendant Sheriff Robert McCabe as a party to this appeal, pursuant to Ferebee's motion for voluntary dismissal of McCabe.

2

This Court reviews the district court's grant of Defendants' Fed. R. Civ. P. 12(b)(6) motion to dismiss de novo. See Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). On appeal from an order granting a Rule 12(b)(6) motion to dismiss, this court accepts as true the facts as alleged in the complaint, and recognizes that dismissal is inappropriate unless, accepting as true the well-pleaded facts in the complaint and viewing them in the light most favorable to the plaintiff, "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Mylan Lab., Inc. v. Matkari , 7 F.3d 1130, 1134 & n.4 (4th Cir. 1993) (internal quotation marks omitted).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on one who has committed a crime. See U.S. Const. Amend. VIII. Accordingly, a prisoner makes out a claim under the Eighth Amendment if he can establish that the prison medical personnel responsible for his care was deliberately indifferent to his serious medical needs. See Amos v. Maryland Dep't of Pub. Safety & Correctional Servs., 126 F.3d 589, 610 (4th Cir. 1997), vacated in part on other grounds, 66 U.S.L.W. 3474 (U.S. June 22, 1998) (No. 97-1113).

Whether a medical provider has been deliberately indifferent to a prisoner's serious medical need is a two part inquiry. First, the prisoner must show that he was deprived of an objectively serious human need. See Johnson v. Quinones, No. 97-2392, 1998 WL 234201, at *3 (4th Cir. May 12, 1998). Second, the plaintiff must demonstrate that the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

The district court dismissed Ferebee's claims against Dr. Cejas on the ground that Ferebee failed to allege acts or omissions sufficiently harmful so as to demonstrate deliberate indifference to his serious medical need. Specifically, the district judge opined that Ferebee presented facts which, at most, could support a claim of negligence, and stated that Ferebee failed to plead any facts suggesting that Dr. Cejas acted with the necessary state of mind to support a § 1983 claim. We disagree. Construed in the light most favorable to Ferebee, Ferebee sufficiently pleaded his Eighth Amendment claim.

3

To meet the objective component of the deliberate indifference test, Ferebee alleged that he had two objectively serious medical needs: (1) the need for further surgery to remove his colostomy bag, urine bag, and scar tissue and (2) the need for access to medical supplies. Assuming that this is an accurate assessment of his medical condition, as we must at this early stage of the proceedings, those allegations are sufficient to meet the objective part of the deliberate indifference test.

Ferebee also made several allegations regarding Dr. Cejas that lead us to conclude that he sufficiently pleaded the subjective elements of a deliberate indifference claim. Ferebee specifically stated that he was treated with gross deliberate indifference by the jail's medical staff. Further, he alleged that when he asked Dr. Cejas why he had not been taken to the hospital for his surgeries, Dr. Cejas replied, "It's your fault, live with it!" In addition, Ferebee did allege that the jail's medical staff failed to provide him, in spite of repeated requests, with necessary medical and sanitary supplies for use with his colostomy and urine bags. We find that this is sufficient for a pro se litigant to state a claim of deliberate indifference.

Although Ferebee's initial complaint was somewhat vague as to the particular medical staff members that had allegedly caused him injury, his charges became more distinct in his responses to Dr. Cejas's and Nurse Watson's motions to dismiss. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (noting that a district court should allow pro se plaintiffs reasonable opportunity to develop pleadings); see also Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (pro se plaintiff should be given an opportunity to particularize a potentially viable claim). Here, Ferebee has raised sufficient allegations to state a claim against Dr. Cejas, as well as some members of the jail's medical staff in charge of insuring that he had proper medical supplies. For example, in his response to Dr. Cejas' motion to dismiss, Ferebee specifically alleged that Dr. Cejas was given the pre-op kit necessary for Ferebee's surgery and failed to give it to Ferebee, resulting in the cancellation of the surgery. He also claimed that Dr. Cejas had the responsibility to admit prisoners to the hospital and that he failed to admit him for over a year, resulting in the need for an additional surgery. Ferebee alleged that Dr. Cejas' failures to admit him to the hospital, failure to comply with Ferebee's proscribed plan of medical treatment, and the failure to see that he was given the

4

proper preparation for surgery was a "consistent pattern of reckless and negligent conduct sufficient to establish deliberate indifference . . . ." In addition, in his response to Nurse Watson's motion to dismiss, Ferebee specifically alleged that it was Nurse Watson's responsibility to see that he received the necessary medical supplies associated with his colostomy and urine bags, but that she knowingly, willfully, and deliberately refused to provide him with supplies for seven months. While true that, except for the comment made by Dr. Cejas, Ferebee did not make his allegations specific to the actions of an individual in his complaint, pro se complaints are held to less stringent standards than those drafted by attorneys.

Accordingly, we find that the district court's dismissal of Ferebee's entire action at this stage of litigation was improper. We therefore vacate and remand the case to the district court for further proceedings consistent with this opinion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED AND REMANDED IN PART

5