**Darryl J. WOODS, Plaintiff–Appellant,**

**v.**

**Joseph CANDELA, Defendant–Appellee.**

**No. 653, Docket 93–7664.**

United States Court of Appeals, Second Circuit.

Submitted after Remand Jan. 10, 1995.

Decided Feb. 9, 1995.

546

Robert N. Isseks, Goshen, NY (Alex Smith, of counsel), for plaintiff-appellant.

Frederic L. Lieberman, Asst. Atty. Gen. of the State of New York, New York City (Dennis C. Vacco, Atty. Gen. of the State of New York, Albany, NY), of counsel for defendant-appellee.

Before: LUMBARD, KEARSE, and JACOBS, Circuit Judges.

PER CURIAM:

This case has been remanded to us by the Supreme Court. *Woods v. Candela,* —— U.S. ——, 115 S.Ct. 44, 130 L.Ed.2d 5 (1994). We previously affirmed the district court's dismissal of a cause of action under 42 U.S.C. § 1983, raising claims founded on Fourth and Fifth Amendment violations, as barred by New York's three-year statute of limitations. *Woods v. Candela,* 13 F.3d 574 (2d Cir.1994). The Supreme Court vacated that decision and remanded for reconsideration in light of *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), an opinion rendered after our decision.

In *Heck,* the Supreme Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck,* —— U.S. at ——, 114 S.Ct. at 2374. The Court exempted from this rule actions that "even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful," *id.* at —— n. 7, 114 S.Ct. at 2372 n. 7 (emphasis in original), such as an action founded on an unlawful search whose illegality would not affect the validity of the conviction.

In the present case, the Appellate Division reversed Woods's conviction and dismissed the indictment after ruling that his suppression motion should have been granted, due to defendant Candela's lack of a reasonable suspicion on which to detain and question Woods and thereafter search his vehicle. *People v. Woods,* 189 A.D.2d 838, 841–43, 592 N.Y.S.2d 748, 750–52 (2d Dep't 1993). As made evident by that decision, Woods's present Fourth and Fifth Amendment claims, which rest on the very same grounds, necessarily imply that his conviction was unlawful, and thus could not have been raised prior to the Appellate Division's reversal of his conviction on January 19, 1993. Therefore, under *Heck,* Woods's § 1983 cause of action for damages arising from Fourth and Fifth Amendment violations did not accrue before that date. Consequently, Woods's suit was not barred by the statute of limitations.

Reversed and remanded.