**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LARRY JEROME BROOKS,
Plaintiff-Appellant,

v.

CITY OF WINSTON-SALEM, NORTH

CAROLINA; M. N. BARKER,
individually and as a City Police
Officer,
Defendants-Appellees.

No. 94-7063

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
Paul Trevor Sharp, Magistrate Judge.
(CA-94-80)

Argued: January 31, 1996

Decided: June 3, 1996

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed in part, reversed in part, and remanded for further proceed-
ings by published opinion. Judge Wilkins wrote the opinion, in which
Judge Niemeyer and Judge Michael joined.

_____

**COUNSEL**

**ARGUED:** Romallus Olga Murphy, Sr., Greensboro, North Carolina,
for Appellant. Ursula Marie Henninger, WOMBLE, CARLYLE,
SANDRIDGE & RICE, P.L.L.C., Winston-Salem, North Carolina,

for Appellees. **ON BRIEF:** Gusti W. Frankel, WOMBLE, CAR-
LYLE, SANDRIDGE & RICE, P.L.L.C., Winston-Salem, North Car-
olina, for Appellees.

_____

**OPINION**

WILKINS, Circuit Judge:

Larry Jerome Brooks brought this action pursuant to 42 U.S.C.A.
§ 1983 (West 1994), seeking monetary damages for alleged violations
of his rights under the Fourth, Fifth, and Fourteenth Amendments in
connection with his arrest and prosecution on state criminal charges.
Concluding that Brooks' action was barred by the applicable statute
of limitations, the magistrate judge[1] entered judgment in favor of
Appellees, the City of Winston-Salem, North Carolina, and the arrest-
ing officer, M. N. Barker, in his individual and official capacities. We
affirm in part, reverse in part, and remand for further proceedings.

I.

Brooks was arrested on charges of kidnapping, rape, and other sex-
ual offenses on June 28, 1989. He vigorously asserted his innocence
and offered to submit to polygraph and DNA testing. The charges
against him were ultimately dismissed by a state prosecuting attorney
on February 18, 1991. Almost three years later, on February 17, 1994,
Brooks filed this lawsuit. His first cause of action charged that Officer
Barker violated his rights under the Fourth and Fourteenth Amend-
ments by illegally seizing him without probable cause and his rights
under the Fifth and Fourteenth Amendments by depriving him of lib-
erty without due process of law. He further maintained that Officer
Barker should have attempted to have the criminal proceedings termi-
nated after he knew or should have known that Brooks had not com-
mitted the offenses. His second cause of action charged that the City
maintained policies of failing to adequately train, supervise, and con-
trol officers in investigation and arrest procedures.

_____

**1** The parties consented to submission of the case to a magistrate judge
for final resolution. See 28 U.S.C.A. § 636(c) (West 1993).

2

The magistrate judge granted Appellees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), reasoning that Brooks' action was time barred because he had not filed it within three years of the date of his arrest. Brooks appeals, claiming that his action was timely with respect to Officer Barker because it was filed within three years of the date the charges were dismissed.**2**

II.

We review de novo the decision of the lower court to grant a motion to dismiss pursuant to Rule 12(b)(6), recognizing that dismissal is inappropriate unless, accepting as true the well-pleaded facts in the complaint and viewing them in the light most favorable to the plaintiff, "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Mylan Lab., Inc. v. Matkari , 7 F.3d 1130, 1134 & n.4 (4th Cir. 1993) (internal quotation marks omitted), cert. denied, 114 S. Ct. 1307 (1994). Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense. Richmond, F. & P. R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993). See generally 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 352 (1990) ("A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading," rendering dismissal appropriate.)

The parties agree that because the state limitations period governing a claim for damages for personal injuries applies to a § 1983 action, regardless of the allegations in the complaint, the three-year statute of limitations set forth in N.C. Gen. Stat.§ 1-52(5) (1995) con-

_____

**2** Brooks offers no argument concerning the accrual of his § 1983 action against the City, and therefore we deem him to have abandoned this portion of his appeal. See 11126 Baltimore Blvd., Inc. v. Prince George's County, Md., 58 F.3d 988, 993 n.7 (4th Cir.) (en banc), cert. denied, 116 S. Ct. 567 (1995). Consequently, we affirm the dismissal of Brooks' allegations against the City.

3

trols. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); National Advertising Co. v. City of Raleigh, N.C., 947 F.2d 1158, 1161-62 & n.2 (4th Cir. 1991), cert. denied, 504 U.S. 931 (1992). Thus, the first question before us is when the limitations period began to run.

Although the applicable state statute of limitations supplies the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc), cert. denied, 116 S. Ct. 1273 (1996). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Id. In order to determine when a claimant possessed sufficient facts to know or have reason to know of the alleged injury, we may look to the common-law cause of action most closely analogous to the constitutional right at stake as an "`appropriate starting point.'" Heck v. Humphrey, 114 S. Ct. 2364, 2370-71 (1994) (quoting Carey v. Piphus, 435 U.S. 247, 258 (1978)); Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 3 (1st Cir. 1995).

Viewed in the light most favorable to Brooks, his complaint alleges that his seizure was unreasonable and that he was deprived of due process, in violation of the Fourth and Fourteenth Amendments, because his arrest was not supported by probable cause and because his prosecution was continued after it was apparent that he was innocent. These claims are analogous to two common-law causes of action --false arrest and malicious prosecution. Heck , 114 S. Ct. at 2371. At common law, allegations that a warrantless arrest or imprisonment was not supported by probable cause advanced a claim of false arrest or imprisonment. See id.; Calero-Colon , 68 F.3d at 3-4; Singer v. Fulton County Sheriff, 63 F.3d 110, 117 (2d Cir. 1995), cert. denied, 64 U.S.L.W. 3755, 3762 (U.S. May 13, 1996) (No. 95-1452). A claim of false arrest permitted the recovery of damages from"`the time of detention up until issuance of process or arraignment, but not more.'" Heck, 114 S. Ct. at 2371 (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 119, at 888 (5th ed. 1984)); Calero-Colon, 68 F.3d at 4; Singer, 63 F.3d at 117. However, allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecu-

4

tion. <u>Heck</u>, 114 S. Ct. at 2371; <u>Calero-Colon</u>, 68 F.3d at 4; <u>Singer</u>, 63 F.3d at 117. Because the allegations contained in Brooks' complaint do not specify whether his arrest was made pursuant to a warrant, we consider the timeliness of Brooks' claims under both scenarios.

A.

The magistrate judge apparently viewed Brooks' § 1983 complaint as alleging an unlawful warrantless arrest and held that such a claim accrued on the date of his arrest. We agree that this was the appropriate time of accrual of Brooks' claim to the extent that it charges a warrantless arrest unsupported by probable cause. There is no question that on the day of his arrest Brooks knew or should have known both of the injury resulting from his allegedly illegal seizure and who was responsible for any injury. <u>See Nasim</u>, 64 F.3d at 955. This conclusion accords with the decisions of the other courts of appeals that have addressed the question. <u>See Davis v. Ross</u> , 995 F.2d 137, 138 (8th Cir. 1993) (per curiam); <u>Johnson v. Johnson County Comm'n Bd.</u>, 925 F.2d 1299, 1300-01 (10th Cir. 1991); <u>Rose v. Bartle</u>, 871 F.2d 331, 350-51 (3d Cir. 1989); <u>McCune v. City of Grand Rapids</u>, 842 F.2d 903, 906 (6th Cir. 1988); <u>Mack v. Varelas</u>, 835 F.2d 995, 999-1000 (2d Cir. 1987); <u>Davis v. Harvey</u>, 789 F.2d 1332, 1333 n.1 (9th Cir. 1986); <u>Rinehart v. Locke</u>, 454 F.2d 313, 315 (7th Cir. 1971).

Brooks asserts, however, that the recent Supreme Court decision in <u>Heck v. Humphrey</u>, 114 S. Ct. 2364 (1994), dictates a different conclusion. Under <u>Heck</u>, Brooks maintains, a cause of action alleging an unconstitutional seizure accomplished by a warrantless arrest without probable cause does not accrue until the criminal proceedings against the accused are terminated in his favor.

In <u>Heck</u>, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tri-

5

bunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

Id. at 2372 (footnote omitted). The Court explained that this holding meant that a § 1983 cause of action seeking monetary damages attributable to a conviction or sentence and raising challenges that necessarily would implicate the validity of a plaintiff's conviction or sentence does not accrue until that conviction or sentence is reversed, etc. Id. at 2372-74.

We do not read Heck to compel a conclusion that all claims of unconstitutional seizure accrue only upon a termination of the criminal proceedings favorable to the § 1983 plaintiff. Heck did not purport to address the accrual of a § 1983 cause of action for damages resulting from actions that would not implicate the validity of a conviction or sentence. And, a charge that probable cause for a warrantless arrest was lacking, and thus that the seizure was unconstitutional, would not necessarily implicate the validity of a subsequently obtained conviction--at least in the usual case. See Simpson v. Rowan, 73 F.3d 134, 135-36 (7th Cir. 1995); cf. Heck, 114 S. Ct. at 2372 n.6 (setting forth an example of a claim of unconstitutional warrantless seizure that necessarily would implicate the validity of a conviction and thus would not accrue until the conviction is set aside or other favorable termination of the criminal proceeding is obtained). Further, as the Heck Court specifically explained, a § 1983 action that would not render a conviction or sentence invalid and that seeks to recover damages other than those resulting from conviction or sentence was cognizable and could proceed, assuming no other bar to the action was present, even though the plaintiff's conviction or sentence had not been reversed. Id. at 2372 & n.7. We gather that if such claims properly may go forward, despite the lack of a disposition of the criminal charges that is favorable to the § 1983 plaintiff, then these claims must have accrued.

In sum, we do not read Heck as altering the general rule that a § 1983 claim seeking damages for an allegedly unconstitutional warrantless arrest accrues when the plaintiff knows or should know of the injury--except in the limited circumstances, not present here, when a § 1983 plaintiff's success on a claim that a warrantless arrest was

6

not supported by probable cause necessarily would implicate the validity of the plaintiff's conviction or sentence. See Simpson, 73 F.3d at 136; Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995); Woods v. Candela, 47 F.3d 545, 546 (2d Cir.) (per curiam), cert. denied, 116 S. Ct. 54 (1995).**3** Thus, to the extent that Brooks' complaint may be read to allege an unconstitutional warrantless arrest, his claim is time barred.

B.

Viewed in the light most favorable to Brooks, the allegations in his complaint may also be construed as seeking monetary damages, occurring after the issuance of process or arraignment, for an unconstitutional seizure that was accomplished pursuant to a warrant and was prolonged after Officer Barker knew or should have known Brooks was innocent.**4** Because§ 1983 actions seeking damages for unconstitutional arrest or confinement imposed pursuant to legal process--claims most analogous to the common-law tort of malicious prosecution--must allege and prove a termination of the criminal proceedings favorable to the accused, such claims do not accrue until a favorable termination is obtained. Heck, 114 S. Ct. at 2371; Morrison v. Jones, 551 F.2d 939, 940-41 (4th Cir. 1977); accord Simpson, 73 F.3d at 136 n.4; Calero-Colon, 68 F.3d at 3-4; Singer, 63 F.3d at 117-18. Consequently, the claim against Officer Barker is not time barred to the extent that Brooks alleges that his arrest warrant--applied for and executed by Officer Barker--was not supported by probable cause or that the officer continued the prosecution after he knew or should have known that Brooks was innocent.

_____

**3** In the wake of the Heck decision, two courts of appeals have ruled that § 1983 actions for unconstitutional warrantless arrest did not accrue until the plaintiffs' resulting convictions were overturned. See Wells, 45 F.3d at 94-95; Woods, 47 F.3d at 546. However, these courts did not announce results contrary to the one we reach today because in both decisions the courts ruled that proof of the invalidity of the arrest in the § 1983 action necessarily would have implicated the validity of the conviction. Wells, 45 F.3d at 95; Woods , 47 F.3d at 546.

**4** For convenience, we refer to these claims as Brooks' § 1983 malicious prosecution claims.

7

III.

Having concluded that Brooks' § 1983 malicious prosecution claims are not time barred, we turn to consider whether these allegations state a claim upon which relief may be granted.

A.

Brooks first asserts that Officer Barker violated his rights under the Fourth Amendment by unreasonably seizing his person--allegations that, as noted above, are broad enough to encompass a claim that legal process issued without probable cause. The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable. See Graham v. Connor, 490 U.S. 386, 396-97 (1989). Thus, Brooks' allegations that Officer Barker seized him pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a § 1983 malicious prosecution claim alleging a seizure that was violative of the Fourth Amendment.[5]

B.

Brooks next charges that Officer Barker's failure to attempt to terminate the criminal proceedings after it became clear that Brooks was innocent deprived him of his constitutional rights under the Fourth and Fourteenth Amendments. We conclude that these allegations fail to state a claim upon which relief may be granted.

_____

[5] We recognize that actual malice is an element of a malicious prosecution claim at common law. See, e.g., Calero-Colon, 68 F.3d at 3 n.5. And, common-law principles "provide the appropriate starting point for" determining the elements of § 1983 actions. Heck, 114 S. Ct. at 2370 (internal quotation marks omitted). However, the Supreme Court has indicated that the reasonableness of a seizure under the Fourth Amendment should be analyzed from an objective perspective. See Graham, 490 U.S. at 396-97, 399 ("The Fourth Amendment inquiry is one of `objective reasonableness' under the circumstances, and subjective concepts like `malice' and `sadism' have no proper place in that inquiry."). Thus, we conclude that the subjective state of mind of the defendant, whether good faith or ill will, is irrelevant in this context. Id. at 397.

8

As we recently explained, the Due Process Clause of the Fourteenth Amendment does not provide protection in this area. Taylor v. Waters, 81 F.3d 429, 435-36 (4th Cir. 1996). The Supreme Court has rejected the proposition that a defendant possesses a liberty interest in avoiding prosecution upon less than probable cause. Id. at 436 (recognizing that a majority of the Supreme Court has rejected the existence of substantive due process protection in this area). And, the Fourth Amendment provides all of the pretrial process that is constitutionally due to a criminal defendant in order to detain him prior to trial. Id. at 435-36. Thus, Brooks' claim that Officer Barker failed to attempt to have the criminal proceedings terminated after it became apparent that Brooks was not the perpetrator fails to state a claim upon which relief may be granted.**6**

Furthermore, the Fourth Amendment "requires that arrests be made based upon probable cause and that a neutral and detached judicial officer evaluate probable cause as a condition of significant pretrial restraint of liberty." Id. at 436. Once a pretrial seizure has been rendered reasonable by virtue of a probable cause determination by a neutral and detached magistrate, the continuing pretrial seizure of a criminal defendant--either by detention or by bond restrictions--is reasonable. See id.**7** Therefore, Officer Barker's failure to attempt to have the criminal charges against Brooks dismissed after a determination of probable cause had been made by a neutral detached magistrate did not render Brooks' continuing pretrial seizure unreasonable

_____

**6** The decision of this court in Gay v. Wall, 761 F.2d 175, 178-79 (4th Cir. 1985), does not compel a different conclusion. In Gay, this court distinguished Baker v. McCollan, 443 U.S. 137 (1979), and stated that despite the existence of probable cause at the time of Gay's arrest, a showing that officers continued to detain him in custody after they knew him to be innocent deprived Gay of due process. Gay, 761 F.2d at 178-79. The reasoning of Gay--that a defendant is deprived of substantive due process by continued prosecution in the absence of probable cause-- was rejected by the Supreme Court in Albright v. Oliver. Taylor, 81 F.3d at 436 (citing Albright v. Oliver, 114 S. Ct. 807, 810-14 (1994) (plurality); id. at 819-22 (Souter, J., concurring in judgment)).

**7** Of course, the judicial determination of probable cause does not "break[ ] the causal chain between the application for the warrant and the improvident arrest" if the officer who sought the warrant did not possess probable cause. Malley v. Briggs, 475 U.S. 335, 344 n.7 (1986).

9

under the Fourth Amendment. Consequently, this claim does not allege the deprivation of any right guaranteed by the Fourth Amendment.

IV.

To summarize, we hold that the magistrate judge properly dismissed as time barred Brooks' § 1983 claim for monetary damages to the extent that it was based upon an allegedly unconstitutional warrantless arrest. The court, however, erred in concluding that Brooks' action was untimely to the extent that his complaint alleged an unconstitutional arrest accomplished pursuant to a warrant, an unconstitutional initiation of legal process, and an unconstitutional failure to terminate the prosecution. Nevertheless, because we conclude Brooks' allegations fail to state a § 1983 claim for a violation of his rights under the Fifth[8] and Fourteenth Amendments, the Rule 12(b)(6) dismissal of these causes of action must be affirmed. And, to the extent that Brooks alleges that Officer Barker failed to attempt to dismiss the criminal charges after it became clear that Brooks was innocent, his complaint also fails to state a § 1983 claim alleging a violation of the Fourth Amendment. Brooks' allegations that his arrest was effected pursuant to a warrant that was not based upon probable cause, or that the legal proceedings against him were not initiated upon probable cause, does state a claim upon which relief may be granted; a remand for further proceedings with respect to this claim is required.[9] Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS
_____

[8] Brooks fails to state a claim under the Fifth Amendment because he "has not alleged any conduct on the officer's part that even arguably is governed by that amendment." Taylor, 81 F.3d at 437 n.6.

[9] We express no opinion concerning the merits, or Officer Barker's entitlement to qualified immunity, limiting our decision merely to the conclusion that these allegations state a claim upon which relief may be granted and are not time barred.

10