**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHN DOUGLAS ALEXANDER,
<u>Plaintiff-Appellant,</u>

v.

No. 96-6674

HOLMAN C. GOSSETT, JR.; CHARLIE
SANDERS; WILLIAM E. GUNN,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CA-96-783-7-20AK)

Submitted: October 31, 1996

Decided: November 27, 1996

Before HALL, MURNAGHAN, and NIEMEYER, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

John Douglas Alexander, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John D. Alexander appeals from the district court's order denying relief on his 42 U.S.C. § 1983 (1994) complaint. Our review of the record and the district court's opinion discloses that the district court correctly determined that exhaustion of state remedies was required.

Although the general rule is that the case should be dismissed rather than retained on the district court's docket pending exhaustion of state remedies, Slayton v. Smith, 404 U.S. 53, 54 (1971), a civil rights claim should be retained on the docket if dismissal would create a statute of limitations problem. Hamlin v. Warren, 664 F.2d 29, 32 (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982). We find that Appellant's claim that Defendant Gunn improperly calculated his parole eligibility has already accrued, and therefore, exhaustion of remedies may result in a running of the statute of limitations. Appellant's remaining claims have not yet accrued and, therefore, do not face a similar fate. See Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996).

Accordingly, to preserve any timely § 1983 claim Appellant may have regarding his parole eligibility, we vacate the portion of the district court's order dismissing this claim against Gunn and remand to the district court with instructions to retain Appellant's case on its docket in abeyance until Appellant has exhausted his state remedies. We affirm the dismissal without prejudice of the remainder of Appellant's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART,
AND REMANDED

2