**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LAWRENCE THOMPSON,
Plaintiff-Appellant,

v.

No. 96-7537

HUNTINGTON POLICE DEPARTMENT;
ALLAN RHORIG, Officer; J. T. COMBS,
Officer,
Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Charles H. Haden II, Chief District Judge.
(CA-96-761-3)

Submitted: January 7, 1997

Decided: February 25, 1997

Before WILKINS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Lawrence Thompson, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant appeals from the district court's order dismissing without prejudice his 42 U.S.C. § 1983 (1994) complaint alleging false arrest, false imprisonment, and intentional infliction of emotional distress. In his complaint, Appellant alleged that he was wrongly arrested and charged with distributing crack cocaine even though police found no drugs on his person. In a subsequent filing with the court, Appellant attached a memorandum stating that he was assaulted by correctional officers while incarcerated before his acquittal, subjected to fights and arguments with inmates, subjected to racism by the correctional staff, and denied treatment for his diabetes. In accordance with the recommendation of the magistrate judge, the district court found that there was no legal or factual basis to the claims and dismissed the complaint without prejudice pursuant to 28 U.S.C.A.§ 1915(e)(2)(B)(i) (West Supp. Sept. 1996, Pamphlet 3).

We have held that an allegation of arrest without probable cause states a cognizable claim under § 1983. Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir. 1996); Street v. Surdyka, 492 F.2d 368 (4th Cir. 1974). Moreover, allegations of assault by correctional officers and denial of medical treatment state cognizable claims as well. See, e.g. Estelle v. Gamble, 429 U.S. 97 (1976); United States v. Cobb, 905 F.2d 784 (4th Cir. 1990). Accordingly, we find that Appellant's complaint is not factually or legally frivolous on its face. We therefore vacate the dismissal order and remand this matter for further proceedings.

We deny the motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED