**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FRANKLIN C. REAVES,
Plaintiff-Appellant,

v.

MARION COUNTY; MARVIN
STEVENSON; JOHN Q. ATKINSON, JR.;
DOUGLAS W. MCMILLAN; JACQUE W.
RICHARDSON; WILLIAM PENN TROY;
COLUMBUS WILLIAMS, JR.; ELESTA H.
SMITH, Individually and as members
of the Marion County Council;
EDWIN P. ROGERS, Individually and
in his official capacity as
Administrator of Marion County;
CLERK OF COURT OFFICE FOR MARION
COUNTY; MARTHA L. SAXON,                            No. 99-2280

Individually and in her official
capacity as Clerk of Court for
Marion County; RHONDA MOORE;
ELAINE ROGERS; LINDA EDWARDS;
IRMA BRIDGMAN; LINDA PHILLIPS,
Individually and in their official
capacity as Clerks in the Child
Support Section of the Clerk of
Court Office of Marion County;
MARION COUNTY SHERIFF'S
DEPARTMENT; L. C. RICHARDSON,
a/k/a Bud Richardson, Individually
and in his official capacity as
Sheriff of Marion County; GENE
BENNETT, Individually and in his
official capacity as a Deputy Sheriff

of Marion County; WILLIE ELLISON,
Individually and in his official
capacity as a Deputy Sheriff of
Marion County; MARION COUNTY
JAIL; VIVIAN REYONALDS,
Individually and in her official

capacity as Marion County Jail
Administrator; SHELTON V. GLORIA,
Individually and in his official
capacity as Marion County Jailer;
MARY E. BUCHAN,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CA-98-3021-4-22AK)

Submitted: February 29, 2000

Decided: May 18, 2000

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Franklin C. Reaves, Appellant Pro Se. Robert Thomas King, WILL-
COX, BUYCK & WILLIAMS, P.A., Florence, South Carolina, for
Appellees.

_____

2

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Franklin C. Reaves challenges the dismissal of his 42 U.S.C.A. § 1983 (West Supp. 1999) action against numerous agencies and officials in Marion County, South Carolina. We affirm.

Reaves alleges that the Defendants conspired to arrest and detain him on false charges. According to Reaves' complaint, the clerk of the Marion County court (Martha L. Saxon) issued a Rule to Show Cause ("RSC") falsely stating that Reaves was delinquent in child support payments, although Reaves had never been ordered to pay child support. (He had been ordered to pay alimony, and there is a dispute in the record about whether he ever fell behind in those payments.) The RSC was delivered to his mother's address, but Reaves did not live there at the time. When Reaves did not appear for the show cause hearing, Judge Mary E. Buchan ordered that a bench warrant issue, which resulted in Reaves' arrest by two deputy sheriffs. After being detained for three days, Reaves paid an alleged alimony arrearage and was released.

Reaves has undertaken five actions relating to these events. He appealed the family court's order requiring him to pay back alimony, and the South Carolina Court of Appeals affirmed. He also initiated two rounds of litigation in state and federal courts. In the first round, his state lawsuit (against Saxon) was dismissed, and his federal suit was dismissed without prejudice. The second round includes the instant federal suit and a state proceeding that apparently raises similar claims against the same defendants. The record indicates that the state suit is still pending. The federal suit was dismissed by the district court and is the subject of this appeal.

Reaves' federal complaint alleged multiple claims relating to the RSC and his ensuing arrest. Reaves also raised a single claim assert-

3

ing that the conditions of his confinement at the Marion County Jail were unconstitutional. Reaves has not reiterated the conditions of confinement claim on appeal. Therefore, we decline to consider it in this appeal. See 4th Cir. R. 34(b).

With respect to the unlawful seizure claims, the district court ruled that consideration of these issues was barred by Heck v. Humphrey, 512 U.S. 477 (1994). We agree. Reaves alleges the bench warrant that led to his arrest was procured by fraud and executed with malice. He has not, however, alleged that the warrant itself was facially deficient. Because Reaves was arrested pursuant to a facially valid warrant, he must prove that proceedings arising from that arrest were resolved in his favor. See Brooks v. City of Winston-Salem , 85 F.3d 178, 183 (4th Cir. 1996). The relevant proceedings in this case ended when Reaves paid his alimony arrearages, prior to any resolution for or against him. Accordingly, the district court properly determined that Reaves' unlawful seizure claims were Heck-barred.

For these reasons, we conclude the district court properly dismissed this § 1983 action and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED