**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

WILLIAM JOHN IRBY,
              *Plaintiff-Appellant,*

v.

ALAN WALLACE, Drug Enforcement
Agency Officer; J. P. LOWDERMILK,
Tactical Officer; W. P. GRAVES,
Vice Narcotics Agent; WALTER C.
HOLTON, JR., United States Attorney,
              *Defendants-Appellees.*

No. 01-7728

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CA-00-540-1)

Submitted: February 27, 2002

Decided: April 16, 2002

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

---

**COUNSEL**

William John Irby, Appellant Pro Se. Gill Paul Beck, OFFICE OF
THE UNITED STATES ATTORNEY, Greensboro, North Carolina;
Polly D. Sizemore, HILL, EVANS, DUNCAN, JORDAN & DAVIS,
P.L.L.C., Greensboro, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

William John Irby appeals the district court's order granting Defendants Holton and Wallace's motion to dismiss and dismissing the remainder of Irby's 42 U.S.C.A. § 1983 (West Supp. 2001) complaint sua sponte for failure to state a claim under 28 U.S.C.A. § 1915(e)(2)(B) (West Supp. 2001). We affirm the district court's order granting the motion to dismiss as to Holton because Irby dropped all charges against Holton in his amended complaint. We vacate the remainder of the district court's order because we conclude that the district court erred in finding that Irby's claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Irby pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (1994). *United States v. Irby*, No. 98-4498, 1999 WL 31105 (4th Cir. 1999) (unpublished). Irby now claims that the police unlawfully seized personal property, such as jewelry and computer equipment, from his residence and a storage facility subsequent to his arrest. He alleges that this property was not connected to his drug offenses. We conclude that Irby successfully could prosecute this claim and still have a perfectly valid conviction. The Supreme Court has stated that where "the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487. As an example, the Court noted that certain claims based on Fourth Amendment violations do not necessarily invalidate a conviction and are therefore not barred by *Heck*. *Id.* at 487 n.7; *see also Brooks v. City of Winston-Salem*, 85 F.3d 178, 182-83 (4th Cir. 1996) (discussing the Fourth Amendment exception to *Heck*); *cf. also Prosise v. Haring*, 667 F.2d 1133, 1141 (4th Cir. 1981) (holding that a judgment based upon a guilty plea does not have preclusive effect in a § 1983 action alleging a Fourth Amendment violation).

Accordingly, we vacate the remainder of the district court's order and remand for further consideration based on our finding that the prosecution of Irby's claim would not necessarily invalidate his conviction. We express no opinion as to the proper ultimate disposition of Irby's claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART AND*
*VACATED AND REMANDED IN PART*