Coreena R. TAYLOR, Plaintiff,

v.

FIRST PREMIER BANK, Defendant.

Action No. 2:11cv637.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 11, 2012.

Coreena R. Taylor, Virginia Beach, VA, pro se.

Elizabeth Spain Flowers, Ethan G. Ostroff, John C. Lynch, Troutman Sanders LLP, Virginia Beach, VA, for Defendant.

## DISMISSAL ORDER

REBECCA BEACH SMITH, Chief Judge.

Plaintiff brought this pro se action against Defendant, claiming that it violated the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") in connection with the closing of her credit card account. Plaintiff contends that Defendant acted wrongfully in not closing her account and reporting her account as "charged off" rather than as "closed at her request."

Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded, and Defendant filed a reply. The Motion to Dismiss is thus ripe for consideration. For the reasons below, the court will grant Defendant's Motion to Dismiss.

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States,* 30 F.3d 518, 522 (4th Cir.1994). In construing a motion to dismiss, the facts, though not the legal conclusions, alleged in a plaintiff's pro se complaint must be taken as true. *Loe v. Armistead,* 582 F.2d 1291, 1292 (4th Cir.1978); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A pro se complaint should survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. *Id.*; *Iqbal,* 129

S.Ct. at 1951. A pro se complaint should be liberally construed. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978). However, a court is not required "to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), or a legal conclusion unsupported by factual allegations. *Iqbal,* 129 S.Ct. at 1951. Dismissal is appropriate when a complaint contains a description of underlying facts that fails to state a viable claim. *Estelle v. Gamble,* 429 U.S. 97, 106–09, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Twombly,* 550 U.S. at 558, 127 S.Ct. 1955. Dismissal is also appropriate when a defense of the statute of limitations is apparent on the face of the Complaint. *Brooks v. City of Winston–Salem, N.C.,* 85 F.3d 178, 181 (4th Cir.1996).

■ Plaintiff invokes FCRA but she does not identify any particular subsection of the statute that she contends was violated. No private cause of action exists pursuant to subsections of FCRA other than subsection (b). 15 U.S.C. § 1681s–2(c); *Saunders v. Branch Banking and Trust Co. of VA,* 526 F.3d 142, 149 (4th Cir.2008) ("FCRA explicitly bars private suits for violations of § 1681S–2(a)"); *Craighead v. Nissan Motor Acceptance Corp.,* slip opn, No. 1:10cv981, 2010 WL 5178831 (E.D.Va. Dec. 14, 2010), *aff'd,* 425 Fed.Appx. 197 (4th Cir.2011). In order to state a claim pursuant to subsection (b), Plaintiff must allege that a credit reporting agency notified Defendant of a dispute by the Plaintiff. *Id.* The creditor's receipt of a notice from a credit reporting agency is the event that triggers Defendant's obligation to investigate. 15 U.S.C. § 1681s–2(b)(1) (requiring furnishers to investigate "after receiving notice" of a dispute from a credit reporting agency). Plaintiff has not alleged that Defendant received any notice from a credit reporting agency or that Plaintiff reported her dispute to a credit reporting agency. Additionally, Plaintiff's Complaint specifies that she became aware of the issue in March 2008, from which point she "continuously" disputed her account status. Thus, her claim filed October 28, 2011, is barred by FCRA's two-year limitations period provided in 15 U.S.C. § 1681p. Therefore, Plaintiff failed to state any plausible claim of entitlement to relief under FCRA.

■ Similarly, the FDCPA forbids certain acts taken by debt collectors as defined in 15 U.S.C. § 1692(a). Here, Plaintiff's claim fails because she does not allege that the Defendant creditor is a debt collector acting to collect the debt owed another[1] and because she does not identify particular acts taken to collect a debt that she contends are prohibited by the law. Further, claims under the FDCPA are subject to a one-year limitations period pursuant to 15 U.S.C. § 1692k(d). Whatever the nature of Plaintiff's claimed violations, they would have occurred before Plaintiff started protesting in 2008. Thus, any FDCPA claim is time-barred.

Finally, to the extent Plaintiff intended to assert any common law claims, such as negligence or defamation, her allegations are not specific enough to state a plausible claim of entitlement to relief. The court has determined that a hearing would not aid its decisional process and therefore DENIES Plaintiff's Motion for a Hearing. For the reasons set forth above, the court, therefore, **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's

---

1. In fact, Plaintiff's Response to the Motion to Dismiss notes that a third-party, Plaza Collection Agency, attempted to collect the debt.

FCRA and FDCPA claims with prejudice and any common law claims without prejudice.

Plaintiff is **ADVISED** that she may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiffs and counsel for Defendants.

IT IS SO **ORDERED.**