**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-6959**

_____

TERRON GERHARD DIZZLEY,

             Plaintiff - Appellant,

        v.

MELVIN GARRETT, Investigator, Georgetown County,

             Defendant - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  R. Bryan Harwell, Chief District Judge.  (2:19-cv-00530-RBH)

_____

Submitted:  December 10, 2019                    Decided:  February 16, 2021

_____

Before WILKINSON and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Terron Gerhard Dizzley, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

South Carolina prisoner Terron Gerhard Dizzley filed a 42 U.S.C. § 1983 (2012) complaint against Georgetown County Sherriff's Investigator Melvin Garrett. Dizzley, who was convicted of and is serving a 35-year sentence for a 2008 murder, alleged that Garrett violated Dizzley's Fourth Amendment rights by arresting him pursuant to an invalid warrant that Garrett obtained by making false declarations to the issuing magistrate. The district court, accepting the report and recommendation of the magistrate judge, dismissed Dizzley's complaint without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994), and denied Dizzley's Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. Dizzley appeals. We vacate and remand.

Pursuant to the Prison Litigation Reform Act, a district court "shall dismiss [a] case at any time" if the action "is frivolous or malicious, or [] fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B) (2012). We review de novo a district court's order dismissing a civil action under 28 U.S.C. § 1915(e). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016). In *Heck* the Supreme Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

512 U.S. at 487.

2

The district court concluded that a judgment in Dizzley's favor in this case would necessarily imply the invalidity of his murder conviction. However, as Dizzley contended before the district court and reiterates on appeal, the only claim that Dizzley seeks to pursue is a damages claim for false arrest arising out of his initial arrest pursuant to an allegedly constitutionally defective warrant. "[A] claim for false arrest . . . does not by its nature call into question the validity of a conviction." *Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007); *see Gertsein v. Pugh*, 420 U.S. 103, 119 (1975) ("[A] conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause."); *see also Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996) ("[A] charge that probable cause for a warrantless arrest was lacking, and thus that the seizure was unconstitutional, would not implicate the validity of a subsequently obtained conviction—at least in the usual case."). Moreover, Dizzley's complaint does not mention his state criminal trial or conviction, and the allegations in the complaint, taken as true, would not necessarily imply the invalidity of his conviction. Accordingly, the district court erred in dismissing Dizzley's complaint at the pleading stage as barred by *Heck*.

We therefore vacate the district court's order dismissing Dizzley's complaint under *Heck* and remand for further proceedings. We express no opinion on the merits of Dizzley's false arrest claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in decisional process.

*VACATED AND REMANDED*

3