**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

──────────────

**No. 22-2051**

──────────────

CLARENCE ELLIOTT HARRIS,

             Plaintiff - Appellant,

        v.

COMMONWEALTH OF VIRGINIA; OFFICE OF THE COMMONWEALTH'S ATTORNEY; CIRCUIT COURT CLERK'S OFFICE; VIRGINIA BEACH MAGISTRATES OFFICE; CITY OF VIRGINIA BEACH; VIRGINIA BEACH POLICE DEPARTMENT; VIRGINIA BEACH SHERIFF'S OFFICE; VIRGINIA BEACH CORRECTIONAL CENTER; COLIN STOLLE; JASON M. KOWALSKI; TINA E. SINNEN; NILLA HARRIS; THOMAS R. CAHILL; KENNETH STOLLE; NICK BALL; GARY F. CORDINGLEY,

             Defendants - Appellees.

──────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:21-cv-00096-RAJ-RJK)

──────────────

Submitted:  March 16, 2023                          Decided:  April 28, 2023

──────────────

Before WILKINSON and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

──────────────

Affirmed by unpublished per curiam opinion.

──────────────

Clarence Elliott Harris, Appellant Pro Se. Jeff W. Rosen, PENDER & COWARD, PC, Virginia Beach, Virginia; Gerald Logan Harris, OFFICE OF THE CITY ATTORNEY,

Virginia Beach, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence Elliott Harris appeals the district court's orders denying relief on his 42 U.S.C. § 1983 complaint and dismissing his claims against some Defendants for failure to properly effect service of process.[*] In his amended complaint, Harris alleged that Defendants conspired to have him falsely charged him with failing to appear at a state court hearing. As a result of this charge, Harris alleged, the state court issued a warrant for his arrest and officers arrested Harris pursuant to this warrant. Based on these claims, Harris asserted several causes of action, citing the Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments.

We have reviewed the record and conclude that the district court correctly determined that Harris failed to state a claim under the Fifth, Sixth, or Thirteenth Amendments, and failed to state a claim against the City of Virginia Beach. With respect to Harris' Fourth Amendment claim, because Harris was arrested pursuant to a warrant, Harris' claim is considered one for malicious prosecution. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996). To state a claim for malicious prosecution, Harris needed to allege facts showing that Defendants caused him to be seized pursuant to a legal process unsupported by probable cause and that the criminal proceedings were terminated in his favor. *Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th

---

[*] Because Harris has not challenged the district court's order dismissing his claims against some Defendants for failure to properly serve process, he has forfeited appellate review of the dismissal of his claims against these Defendants. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) (limiting appellate review to issues raised in informal brief).

3

Cir. 2017). The district court determined that because Harris was seized in accordance with a facially valid warrant, his claim failed. However, although a seizure pursuant to a facially valid warrant weighs heavily toward finding that a seizure was valid, it does not automatically immunize a defendant from liability. *See Hupp v. Cook*, 931 F.3d 307, 324 (4th Cir. 2019). A plaintiff can still successfully state a claim for malicious prosecution if the plaintiff shows that, despite the warrant, probable cause was "plainly lacking," or that a magistrate issued the warrant based on an applicant's false or misleading statements. *See id.* (internal quotation marks omitted).

We conclude that Harris failed to allege facts plausibly showing that the state court's probable cause determination was based on false or misleading statements or otherwise that probable cause was plainly lacking. Accordingly, we affirm the judgment of the district court. *Harris v. Virginia,* No. 2:21-cv-00096-RAJ-RJK (E.D. Va. Sept. 14 & 30, 2022); *see Tyler v. Hooks*, 945 F.3d 159, 170 (4th Cir. 2019) (noting that we may affirm on any ground apparent from record). We deny Defendants' motion to strike Harris' supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*