**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1573**

TONY MCKENNA,

    Plaintiff - Appellee,

    v.

BRISTOL VA POLICE OFFICER ALEXANDER ERICKSON; BRISTOL VA POLICE OFFICER JOSH GREEN; BRISTOL VA POLICE OFFICER CHARLES THOMAS, JR.,

    Defendants - Appellants,

    and

BRISTOL VA CITY   POLICE DEPARTMENT; CITY OF BRISTOL; ASSISTANT COMMONWEALTH'S ATTORNEY FOR THE CITY OF BRISTOL, TIM BOYER,

    Defendants.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge.  (1:22-cv-00002-JPJ-PMS)

Submitted:  January 16, 2025                    Decided:  February 6, 2025

Before GREGORY, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Jim H. Guynn, Jr., Christopher S. Dadak, John R. Fitzgerald, GUYNN WADDELL, P.C., Salem, Virginia, for Appellants.  Tony McKenna, Appellee Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Tony McKenna filed a complaint and amended complaint under 42 U.S.C. § 1983 in state court against Bristol, Virginia, police officers Joshua Green, Alexander Erickson, and Charles Thomas, Jr. (collectively, Appellants), and the Bristol Police Department, the City of Bristol, and Tim Boyer (collectively, Defendants). After Appellants and Defendants removed the action to the district court, the court dismissed several of McKenna's claims. Following discovery, Defendants and Appellants moved for summary judgment on McKenna's remaining claims, arguing in part that Appellants were entitled to qualified immunity. The district court granted summary judgment in part, but denied summary judgment on McKenna's claims against Appellants for unlawful entry, false arrest, and unlawful search in violation of the Fourth Amendment. Ultimately, the district court granted summary judgment for McKenna on these claims, subject to a jury determination on damages. Appellants filed a notice of interlocutory appeal of that order. On appeal, Appellants challenge the district court's conclusion that they were not entitled to qualified immunity for McKenna's claims of unlawful entry, false arrest, and unlawful search.

"Generally, a district court's order denying summary judgment based on qualified immunity is immediately appealable under the collateral order doctrine." *Yates v. Terry*, 817 F.3d 877, 882 (4th Cir. 2016). However, "[o]ur jurisdiction over such an appeal extends only to a denial of qualified immunity to the extent that it turns on an issue of law." *Id.* (cleaned up). Thus, to the extent the ruling turns on issues of law, "an order rejecting the defense of qualified immunity at either the dismissal stage or the summary judgment

3

stage is a final judgment subject to immediate appeal." *Behrens v. Pelletier*, 516 U.S. 299, 307 (1996) (cleaned up).

Qualified immunity protects "government officials performing discretionary functions . . . insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Evaluating qualified immunity requires a two-pronged inquiry: "whether a constitutional violation occurred and . . . whether the right violated was clearly established" at the time of the violation. *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc) (internal quotation marks omitted); *see Meyers v. Balt. Cnty.*, 713 F.3d 723, 731 (4th Cir. 2013). The latter prong will support immunity, even if the officer violated an individual's constitutional rights, "if a reasonable person in the officer's position could have failed to appreciate that his conduct would violate those rights." *Meyers*, 713 F.3d at 731 (internal quotation marks omitted).

"After defining the right, we ask whether it was clearly established at the time [Appellants] acted." *Est. of Armstrong ex rel. Armstrong v. Vill. of Pinehurst*, 810 F.3d 892, 907 (4th Cir. 2016). "[T]he Supreme Court has explained that a clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Feminist Majority Found. v. Hurley*, 911 F.3d 674, 703-04 (4th Cir. 2018) (cleaned up). "In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Tarashuk v. Givens*, 53 F.4th 154, 164 (4th Cir. 2022) (internal quotation marks omitted). "This is not to say that an official action is protected by qualified immunity unless the very action in question has

4

previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Armstrong*, 810 F.3d at 907 (internal quotation marks omitted).

Here, McKenna had a disagreement with a neighbor who took out a protective order against McKenna. Appellants went to McKenna's apartment to serve the protective order. McKenna refused to provide the officers with identification; the officers stated that they needed to identify McKenna in order to serve him with the protective order. Appellants called the Assistant Commonwealth Attorney, Boyer, who advised them that McKenna could be charged with obstruction of justice for refusing to comply with the officers' requests for identification. Appellants then returned to McKenna's apartment and he continued to refuse to provide identification. When McKenna tried to close his door, Thomas pushed the door open, stepped into the apartment, pulled McKenna into the hallway, and placed McKenna under arrest for obstruction of justice. Appellants conducted a search of McKenna pursuant to the arrest and transported McKenna to the police station. A magistrate, however, refused to issue a warrant for obstruction of justice, and the officers returned McKenna to his apartment.

Appellants challenge the district court's conclusion that they were not entitled to qualified immunity from liability for McKenna's claims of unlawful entry, false arrest, and unlawful search. Appellants argue that they had probable cause to believe that McKenna obstructed justice when they arrested him because they reasonably believed they had the duty to collect McKenna's identifying information to serve him with the protective order. Even if they did not have probable cause to arrest McKenna, however, Appellants argue

5

that the district court erred in finding that the right was clearly established. Appellants further argue that because the arrest was lawful, the search incident to the arrest was also lawful. In addition, Appellants argue that Thomas is entitled to qualified immunity from McKenna's unlawful entry claim because he had reasonable grounds to believe that a warrantless entry was justified based on McKenna's history with, and recent disagreement with, his neighbor.

"The Fourth Amendment protects the right of the people to be secure in their persons against unreasonable searches and seizures." *Hupp v. Cook*, 931 F.3d 307, 318 (4th Cir. 2019) (cleaned up). The ultimate touchstone under the Fourth Amendment is reasonableness, and "[t]hat standard generally requires the obtaining of a judicial warrant before a law enforcement officer can enter a home without permission." *Lange v. California*, 594 U.S. 295, 301 (2021) (internal quotation marks omitted). The warrant requirement is subject to several exceptions, including for exigent circumstances in which the situation presents "a compelling need for official action and no time to secure a warrant" before making entry into a home. *Id.* (internal quotation marks omitted).

In addition, to prevail on a claim for false arrest, a plaintiff must show that officers seized him without probable cause. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). "Probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed an offense." *Humbert v. Mayor & City Council of Balt. City*, 866 F.3d 546, 555 (4th Cir. 2017) (cleaned up). We evaluate probable cause under an objective standard, considering

6

the totality of the circumstances known to the officer at the time of the seizure and without consideration of the subjective beliefs of the officers involved. *See Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). The officer need not "resolve every doubt about a suspect's guilt before probable cause is established." *Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991).

In addition, "[a] warrantless search by the police is valid if it falls within one of the narrow and well-delineated exceptions to the Fourth Amendment's warrant requirements," including the exception for "warrantless searches incident to arrest." *United States v. Ferebee*, 957 F.3d 406, 418 (4th Cir. 2020) (internal quotation marks omitted). "This exception provides that when law enforcement officers have probable cause to make a lawful arrest, they may—incident to that arrest and without a warrant—search the arrestee's person and the area within his immediate control." *Id.* (internal quotation marks omitted).

Our review of the record and the relevant legal authorities confirms that the district court did not err in denying qualified immunity to Appellants on these claims. The court properly determined that Thomas failed to establish any applicable exceptions to the requirement that officers obtain a warrant before entering a citizen's home. Moreover, as the district court found, Appellants lacked probable cause to believe that McKenna committed obstruction of justice justifying his arrest. Finally, because McKenna's arrest was not lawful, the search incident to his arrest was similarly unlawful.

Accordingly, we affirm the district court's denial of qualified immunity to Appellants. We dispense with oral argument because the facts and legal contentions are

7

adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

8