**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1463

SIMARJEET KAUR,

        Plaintiff - Appellant,

    v.

BALTIMORE COUNTY POLICE DEPARTMENT; OFFICER POLLACK;
OFFICER BIRKMAIER; SEARS ROEBUCK AND CO, d/b/a Sears; JEFFREY
MARKOWSKI,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Stephanie A. Gallagher, District Judge.  (1:21-cv-00292-SAG)

Submitted:  January 29, 2025                    Decided:  June 16, 2025

Before QUATTLEBAUM, RUSHING, and BENJAMIN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** David C.M. Ledyard, LEDYARD LAW LLC, Baltimore, Maryland, for
Appellant.  Michael L. Pivor, KIERNAN TREBACH LLP, Washington, D.C.; Bradley J.
Neitzel, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Simarjeet Kaur, a former employee of Sears, Roebuck & Co. (Sears), filed the instant civil action against Sears and store security Manager Jeffrey Markowski (Sears Defendants), arresting officers Pollak and Birkmaier (Police Officer Defendants), and the Baltimore County Police Department, alleging various state and federal claims based on her assertion that Defendants lacked legal justification to detain her. Ultimately, the district court granted summary judgment to all Defendants and dismissed the case. On appeal, Kaur claims that the court erred in granting summary judgment on her false arrest, false imprisonment, and malicious prosecution claims against the Sears Defendants, claiming that there was insufficient evidence to support a theft and that there was no probable cause for her warrantless arrest.

This court reviews de novo a district court's grant of summary judgment, viewing "the facts in the light most favorable to" the nonmoving party and "drawing all reasonable inferences in [the nonmovant's] favor." *Dean v. Jones*, 984 F.3d 295, 301 (4th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only where the nonmovant's version is supported by sufficient evidence to permit a reasonable jury to find in [the nonmovant's] favor." *United States v. 8.929 Acres of Land*, 36 F.4th 240, 252 (4th Cir. 2022) (cleaned up). Conversely, "[w]hen a party fails to establish the existence of an element essential to that party's case, there is no genuine issue of material fact." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019).

2

Upon review, we uphold the district court's grant of summary judgment on the false arrest and false imprisonment claims against the Sears Defendants, as the claims were barred under Maryland's statutory merchant's privilege. Md. Code Ann., Cts. & Jud. Proc. § 5-402(a). Contrary to Kaur's contention, the statutory merchant's privilege allows the agent of a merchant to detain a person upon probable cause that they have committed theft, regardless of the value of goods suspected to have been stolen. *See* Md. Code Ann., Crim. Law § 7-104(a). The record also amply supports the court's finding that the Sears and Police Defendants had probable cause to believe that Kaur had committed theft of Sears' property from the store, as evidence of theft was captured repeatedly on video, compiled by Defendant Markowski, and provided to police.

Given the presence of probable cause, the district court properly awarded summary judgment to all Defendants on Kaur's malicious prosecution claim, *Montgomery Ward v. Wilson*, 664 A.2d 916, 926 (Md. 1995), as well as to the Police Officer Defendants on the state and federal constitutional violation counts, *see Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82, 184 (4th Cir. 1996) (claims that a seizure violated the Fourth Amendment or was a violation of due process require proof of an absence of probable cause). Contrary to Kaur's assertion, the police's reliance on Markowski's evidence did not deprive them of probable cause, *see Torchinsky v. Siwinski*, 942 F.2d 257, 264 (4th Cir. 1991) (stating that a police officer need not "exhaust every potentially exculpatory lead or resolve every doubt about a suspect's guilt before probable cause is established"), or result in an improper credibility determination by the court at the summary judgment stage. Finally, the district court correctly concluded that Defendants were entitled to summary

3

judgment on the civil conspiracy and aiding and abetting counts where there were no remaining underlying torts.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*