**EDUCATIONAL CREDIT MANAGEMENT CORPORATION,**
Appellant,

v.

**Roberta SPENCE, Appellee.**

**No. CIV.A. 1:06–CV–00041.**

United States District Court,
E.D. Virginia,
Alexandria Division.

May 12, 2006.

Rand Lewis Gelber, Vienna, VA, for Appellant.

Roberta Spence, Arlington, VA, pro se.

### *MEMORANDUM ORDER*

LEE, District Judge.

THIS MATTER is before the Court on Appellant Educational Credit Management

Corporation's ("ECMC") Appeal of the Bankruptcy Court's November 15, 2005, Order fully discharging Appellee Roberta Spence's student loan debt owed to ECMC. The issue presented by this appeal is whether the Bankruptcy Court erred by discharging Appellee's student loan debt because the Bankruptcy Court found that she would suffer on undue hardship if required to pay her student loan debt. The Court grants ECMC's appeal because the Bankruptcy Court erred in discharging Appellee's student loan debt because, although the Court is sympathetic, the circumstances of this case do not rise to the level of undue hardship.

## I. Background

On December 31, 2004. Appellee Roberta Spence filed for bankruptcy protection from her creditors. (Tr. at 14.) Ms. Spence currently owes approximately $161,000.00 in student loan debt to Appellant ECMC, as a result of thirty-one (31) education loans taken from 1983 through 1993, which is the subject of this appeal. (*Id.* at 86.) She has not made a payment on any of the student loans held by ECMC. (*Id.* at 63.) These education loans enabled Ms. Spence to earn a Bachelor of General Studies and a Masters Degree from Wichita State University, and pursue a Ph.D. from American University ("AU"). (*Id.* at 12–13, 48–49.) Prior to pursuing these post-secondary educational opportunities, Ms. Spence worked at the Internal Revenue Service for more than thirteen (13) years. (*Id.* at 15.)

After she completed the course work for her Ph.D., Ms. Spence worked at AU's social science research laboratory, the Department of Housing and Urban Development, and the American Association of Retired People ("AARP"). (*Id.* at 99–101.) She is currently employed as a mail clerk for E*Trade, earning $12.50 per hour. (*Id.* at 51, 105.) Ms. Spence earns approx-

imately $26,000 annually and receives social security benefits. (*Id.* at 17, 59.) Ms. Spence incurs approximately $1700 in expenses per month for rent, delinquent taxes, medication, abilities, entertainment, laundry/dry cleaning, life insurance, and contributions to her 401(k). (*Id.* at 11, 17–18, 23, 40–41, 71.)

## II. Standard of Review

### A. Appeals from the Bankruptcy Court

■ This Court reviews de novo the Bankruptcy Court's conclusions of law and reviews the Bankruptcy Court's findings of fact for clear error. *In re Merry–Go–Round Enters.*, 400 F.3d 219, 224 (4th Cir.2005); *Loudoun Leasing Dev. Co. v. Ford Motor Credit Co. (In re K & L Lakeland, Inc.)*, 128 F.3d 203, 206 (4th Cir.1997). The appropriate exercise of subject matter jurisdiction by the Bankruptcy Court is a question of law. *Hager v. Gibson*, 108 F.3d 35, 38 (4th Cir.1997). The proper determination of a core proceeding is a question of law. *See United States Lines, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. (In re United States Lines, Inc.)*, 197 F.3d 631, 636 (2d Cir.1999). Whether the Complaint states a claim for breach of contract under applicable state law is an issue of law. *Brooks v. City of Winston–Salem*, 85 F.3d 178, 181 (4th Cir.1996).

### B. Discharge of Student Loan Debt

■ Student loan debts are presumptively non-dischargeable and a bankruptcy court may only discharge student loan debt upon a showing of undue hardship. 11 U.S.C. § 523(a)(8) (2000). The determination of whether a debtor has met the undue hardship standard is a legal conclusion based upon the debtor's individual factual circumstances. *Educ. Credit Mgmt. Corp. v. Frushour*, 433 F.3d 393, 398 (4th Cir.2005). As the facts are not

disputed in this case, the Court adopts the Bankruptcy Court's findings of fact and reviews its legal conclusion about whether Ms. Spence has shown undue hardship de novo.

 To determine whether a debtor has established undue hardship, the Fourth Circuit has adopted the three-prong test set for in *Brunner v. New York Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir.1987). Under the *Brunner* test, a debtor cannot discharge a student loan unless she can establish that:

> (1) the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; **and** (3) that the debtor has made good faith efforts to repay the loans.

*Brunner*, 831 F.2d at 396 (emphasis added). A debtor bears the burden of showing the existence of all three prongs by a preponderance of the evidence. *Frushour*, 433 F.3d at 400; *Brunner*, 831 F.2d at 396. Courts must apply the *Brunner* test narrowly because "[d]ebtors receive valuable benefits from congressionally authorized loans, but Congress in turn requires loan recipients to repay them in all but the most dire circumstances." *Frushour*, 433 F.3d at 399.

### III. Analysis

The Court finds that the Bankruptcy Court erred by concluding that Ms. Spence proved that repayment of her student loan debt to ECMC would create an undue hardship. ECMC does not contend that the Bankruptcy Court erred by finding that Ms. Spence's financial condition satisfied the first prong of the *Brunner* test, rather it focuses its argument on the second and third prongs. (*See* Br. of Appellant, 14–27.) The Court therefore limits its review to the Bankruptcy Court's conclusion of the second and third prongs of the *Brunner* test.

### A. Additional Circumstances

 The Court finds that the Bankruptcy Court erred in discharging Ms. Spence's student loan debt because she did not satisfy the second prong of the *Brunner* test. The second *Brunner* prong requires that a student loan debtor establish additional circumstances which indicate an inability to maintain a minimal standard of living for a significant portion of the repayment period. *Brunner*, 831 F.2d at 396. Ms. Spence argues that her advanced age (mid sixties) constitutes an additional circumstance to justify discharge. (Br. of Appellee, at 10.) The Bankruptcy Court found that Ms. Spence is a "reliable, diligent worker," in good health, with an excellent educational background, who plans to work for fifteen or twenty more years. (Tr. at 171, 174, 176.) The Court finds that Ms. Spence's age does not constitute an additional circumstance, especially where she does not have any "age-related illnesses that affect her ability to work." *Chapelle v. Educ. Credit Mgmt. Corp.*, 328 B.R. 565, 572 (Bankr.C.D.Cal.2005).

Aside from her age and current financial distress, Ms. Spence has not articulated any additional circumstances that could satisfy the second prong of the *Brunner* test. *See Frushour*, 433 F.3d at 401 (noting that proof that the debtor is "currently in financial straits" is not sufficient to pass the *Brunner* test); *Id.* ("[T]he debtor's hardship must be more than the normal hardship that accompanies any bankruptcy."). Given Ms. Spence's work ethic, educational abilities, strong references, good health, and the fact that Ms. Spence is just

five years out of school, the Court does not find the "certainty of hopelessness" about her ability to repay her student loans, necessary to satisfy *Brunner's* second prong. *Id.* The Court therefore finds that the Bankruptcy Court erred in discharging Ms. Spence's student loan debt. because she has not shown additional circumstances that would prevent her from repaying her loans.

### B. Good Faith Efforts to Repay

 The Court finds that the Bankruptcy Court erred in discharging Ms. Spence's student loan debt because she did not satisfy the third prong of the *Brunner* test. The third prong requires a debtor to show that she made good faith efforts to repay her student loans. *Brunner*, 831 F.2d at 396. Under *Brunner*, good faith is measured by the debtor's "efforts to obtain employment, maximize income, ... minimize expenses" and repay her loans. *Frushour*, 433 F.3d at 403. The Bankruptcy Court found, and Ms. Spence has admitted, that she has not minimized her expenses to the fullest possible extent. (Tr. at 77–78, 172.); *Tennessee Student Assistance Corp. v. Mort*, 272 B.R. 181, 185 (W.D.Va.2002) (noting that a "debtor's refusal to minimize her expenses ... preclude[s] a hardship discharge of any portion of the loan").

Additionally, Ms. Spence has not made a good faith effort to repay the loans owed to ECMC. In fact, Ms. Spence has admitted that in the twenty-three years since she first incurred the loans, she has not made a single payment. (Tr. at 69.); *compare with Frushour*, 433 F.3d at 397, 403 (explaining that although the debtor had made twenty-three consistent payments, she "had not shown the requisite effort to repay her loans"). Finally, Ms. Spence has not made a sufficient effort to minimize her own hardship. She has not sought loan consolidation opportunities, consulted career counselors to find higher paying jobs, tried to maximize her income and minimize her expenses, or make any effort to repay the loans owed to ECMC. The Court therefore finds that the Bankruptcy Court erred in discharging Ms. Spence's student loan debt because she has not shown a good faith effort to repay her loans.

### IV. Conclusion

For the reasons stated above, the Court grants Appellant Educational Credit Management Corporation's appeal because the Bankruptcy Court erred in discharging Appellee's student loan debt because, although the Court is sympathetic, the circumstances of this case do not rise to the level of undue hardship.

Accordingly, it is hereby

ORDERED that Educational Credit Management Corporation's Appeal of the November 15, 2005, Order of the Bankruptcy Court is GRANTED. It is further

ORDERED that the Bankruptcy Court's November 15, 2005, Order is REVERSED. It is further

ORDERED that this case is remanded to the Bankruptcy Court for the Eastern District of virginia for further proceedings in accordance with this Order.

The Clerk is directed to forward a copy of this Order to counsel of record.