**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6225**

WILLIE RAY MACDONALD,

  Plaintiff - Appellant,

  v.

ANDERSON COUNTY SHERIFF'S OFFICE; SCOTT HILL, in his individual and professional capacity,

  Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., Senior District Judge.  (8:19-cv-03212-HMH)

Submitted:  August 15, 2022                    Decided:  September 22, 2022

Before MOTZ, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Donald L. Smith, Anderson, South Carolina, for Appellant.  Steven M. Pruitt, MCDONALD, PATRICK, POSTON, HEMPHILL & ROPER, LLC, Greenwood, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willie Ray MacDonald filed suit against Officer Scott Hill and the Anderson County Sheriff's Office ("ACSO") raising claims under the Fourth Amendment and for supervisory liability pursuant to 42 U.S.C. § 1983, and claims under state law, including malicious prosecution, gross negligence, and intentional infliction of emotional distress, in connection with MacDonald's arrest for the burglary of a convenience store. The district court adopted the magistrate judge's recommendation to grant summary judgment to Defendants on all claims, and denied MacDonald's motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment. On appeal, MacDonald argues that the district court failed to consider the evidence in the light most favorable to him, that probable cause did not support his arrest, that Hill was not entitled to qualified immunity, that the ACSO was subject to supervisory liability, and that the district court erred in denying relief on his state law claims. For the following reasons, we affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, [or] the building of one inference upon another." *Humphreys & Partners*

2

*Architects v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted). "[T]he relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019) (internal quotation marks omitted).

Under § 1983, "allegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued," advance a claim of "malicious prosecution." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996). Because MacDonald alleged that he was arrested pursuant to a warrant that lacked supporting probable cause, his claim is properly interpreted as a malicious prosecution claim. To state a malicious prosecution claim under § 1983, a plaintiff must establish that (1) the defendant seized the plaintiff "pursuant to legal process that was not supported by probable cause," and (2) the criminal proceedings terminated in the plaintiff's favor. *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (internal quotation marks omitted). Here, it is undisputed that Hill's procurement of an arrest warrant caused MacDonald's arrest. Also, the charges against MacDonald were ultimately dismissed. Thus, we review whether probable cause supported MacDonald's arrest.

"Probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed an offense." *Humbert v. Mayor & City Council of Balt. City*, 866 F.3d 546, 555 (4th Cir. 2017) (cleaned up). We evaluate probable cause under an objective standard, considering

3

the totality of the circumstances known to the officer at the time of the seizure and without consideration of the subjective beliefs of the officer regarding the existence of probable cause. *See Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). An investigating "officer may not disregard readily available exculpatory evidence of which he is aware," but his "failure to pursue a potentially exculpatory lead is not sufficient to negate probable cause." *Wadkins v. Arnold*, 214 F.3d 535, 541 (4th Cir. 2000). Although an "officer need not exhaust every potential avenue of investigation," he must "assemble individualized facts that link the suspect to the crime." *Munday*, 848 F.3d at 254 (cleaned up). We provide "great deference to a magistrate judge's determination of probable cause." *Id.*

Our review of the record demonstrates sufficient facts within Hill's knowledge to establish probable cause to arrest MacDonald for burglary of the convenience store. At the time Hill sought the arrest warrant, Hill knew that tobacco products were located behind the counter of the convenience store. When watching the store's security footage, Hill saw the perpetrator climb over the counter to steal tobacco products. While police were on the scene, the store manager discovered and alerted officers to a tobacco product that contained dried blood; forensic testing indicated that the blood matched MacDonald. We conclude that these facts, within Hill's knowledge, were "sufficient to warrant a prudent person, or one of reasonable caution, in believing" that MacDonald had committed the burglary. *See Humbert*, 866 F.3d at 555 (internal quotation marks omitted).

Next, MacDonald asserts that, although he was arrested pursuant to a warrant, Hill either deliberately or recklessly omitted material information from the Anderson County magistrate. We require a party challenging a warrant application to show that the officer

4

"deliberately or with a reckless disregard for the truth made material false statements in the warrant application, or omitted from that application material facts with the intent to make, or with reckless disregard of whether they thereby made, the application misleading." *Humbert*, 866 F.3d at 556 (cleaned up). "Omissions are made with reckless disregard when the evidence demonstrates that a police officer failed to inform the judicial officer of facts he knew would negate probable cause." *Id.* (cleaned up). A plaintiff must also "demonstrate that the false statement or omission is material, that is, necessary to the neutral and disinterested magistrate's finding of probable cause." *Id.* (cleaned up).

Having carefully reviewed the record, we conclude that MacDonald failed to demonstrate that Hill intentionally or recklessly omitted facts from the county magistrate that Hill "knew would negate probable cause." *See id.* (internal quotation marks omitted). Furthermore, even if MacDonald had made such a showing, MacDonald failed to demonstrate that the omitted information was necessary to the magistrate's probable cause finding. Therefore, we affirm the district court's order granting summary judgment to Defendants on MacDonald's Fourth Amendment claim under § 1983.

Because Hill had probable cause to arrest MacDonald, we likewise affirm the district court's finding that Hill was entitled to qualified immunity, and the district court's denial of MacDonald's supervisory liability and state law malicious prosecution claims. Because all three of these issues required MacDonald to show that Hill lacked probable cause, they fail as a matter of law. *See Cahaly v. Larosa*, 796 F.3d 399, 407 (4th Cir. 2015) ("A law enforcement officer who obtains an arrest warrant loses the protection of qualified immunity only where the warrant application is so lacking in indicia of probable cause as

5

to render official belief in its existence unreasonable." (cleaned up)); *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (noting that a § 1983 claim for supervisory liability requires a plaintiff show that the supervisor knew the "subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff" (internal quotation marks omitted); *Pallares v. Seinar*, 756 S.E.2d 128, 131 (S.C. 2014) (noting that, under South Carolina law, a plaintiff claiming malicious prosecution must show "lack of probable cause"). Additionally, because MacDonald's claim of intentional infliction of emotional distress was predicated on Hill having arrested MacDonald without probable cause, we likewise affirm the district court's order denying relief on that claim.

Turning to MacDonald's final claim, we conclude that MacDonald waived appellate review of the denial of his gross negligence claim by failing to adequately object to the magistrate judge's recommendation. The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017); *see Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). Although MacDonald received proper notice and filed timely objections to the magistrate judge's recommendation, he has waived appellate review of his gross negligence claim because the objections were not specific to the particularized legal recommendations made by the magistrate judge—namely, that MacDonald's gross negligence claim was time-barred under the relevant statute of limitations. *See Martin*, 858 F.3d at 245 (holding that, "to preserve for appeal an issue in a magistrate judge's report,

6

a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" (internal quotation marks omitted)).

Accordingly, we affirm the district court's orders granting summary judgment to Defendants and denying MacDonald's Rule 59(e) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*